[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15163
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:10-cr-80034-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EUGENE MATTHEWS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 21, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Eugene Matthews, Jr. appeals his 114-month within-Guidelines sentence, imposed after pleading guilty to conspiring to possess oxycodone with the intent to distribute, in violation of 21 U.S.C. § 846. On appeal, Matthews argues that his sentence was procedurally unreasonable because the district court did not adequately explain his sentence and failed to explicitly respond to his arguments for a downward variance. He also argues that his sentence was substantively unreasonable because the district court exclusively relied upon the fact that he involved his son in his criminal offense. We affirm.

Matthews pleaded guilty to conspiracy to possess oxycodone and admitted that he arranged for his son to deliver money, drugs, and pre-addressed FedEx envelopes to a confidential source who would send the drugs to Matthews. The district court calculated Matthews's sentencing guideline range as 108 to 135 months imprisonment. The statutory maximum sentence was twenty years' imprisonment. 21 U.S.C. § 841(b)(1)(C). At sentencing, Matthews presented mitigating evidence in support of his request for a downward variance. The court noted Matthews's criminal history, which involved many alcohol-related incidents, and the two pending cases against him for the sale of oxycodone. The government requested a sentence in the middle of the guideline range, noting that

when faced with the charges in the other cases, Matthews had fled the country and used his son to continue his drug transactions.

The district court expressed concern over Matthews's decision to involve his son. After stating that it had considered the advisory guideline range, the parties' arguments, the presentence investigation report (PSI), and "all of the statutory factors," the court sentenced Matthews to 114 months' imprisonment. The court explained that this sentence would serve the sentencing objectives of sufficient punishment and deterrence. This is Matthews's appeal.

We review a district court's compliance with 18 U.S.C. § 3553(c)(1) *de novo*, even where the defendant did not object to his sentence before the district court. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006). We review a final sentence for reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007).

For a sentence to be procedurally reasonable, the district court must explain its reasons for imposing a particular sentence, and, where the applicable Guideline range exceeds 24 months and a within-Guidelines range is imposed, the reason for choosing a particular point within that range. 18 U.S.C. § 3553(c)(1). When stating its reasons, the district court should tailor its comments to demonstrate the appropriateness of the sentence in light of the 18 U.S.C. § 3553(a) factors.

3

*Bonilla*, 463 F.3d at 1181. The district court, however, does not have to cite the specific language of § 3553(a), or articulate its consideration of each particular factor where it is obvious that it considered them. *Id*. at 1182. Rather, we consider the entire sentencing hearing to evaluate the district court's reasons for imposing a particular sentence, and do not simply rely on the district court's "summary statement at the close of the sentencing hearing." *Id*.

A sentence is substantively unreasonable if, after considering the totality of the facts and circumstances, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors so that the sentence falls outside the range of reasonable sentences as dictated by the facts. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (*en banc*), *cert. denied*, (U.S. Apr. 4, 2011) (No. 10-727). Sentences that fall within the applicable Guideline range are ordinarily expected to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). That a sentence falls well below a statutory maximum penalty is an indicator of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The party challenging the sentence bears the burden of demonstrating that it is unreasonable. *Talley*, 431 F.3d at 788.

In this case, we conclude that the sentence imposed was procedurally reasonable. The district court adequately explained Matthews's sentence and specifically cited the need for punishment and deterrence. The record further demonstrates that the court considered Matthews's criminal history and the fact that he had involved his son in his offense. The district court also stated that it had considered Matthews's mitigating arguments, the government's arguments, the PSI, and the § 3553(a) factors; thus, the district court's statement was sufficient, and the district court was not required to explain in greater detail why it rejected his request for a downward variance.

We also conclude that the sentence imposed was substantively reasonable in light of the district court's consideration of the need for deterrence, the § 3553(a) factors, and the parties' arguments that implicated several of the statutory factors. Matthews received a within-Guidelines sentence that was less than half the statutory maximum penalty that he faced. Under these facts and circumstances, we cannot say that the court abused its discretion.

**AFFIRMED.**